J-A27027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS S. TURNER | : | |
| | : | |
| Appellant | : | No. 56 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 5, 2018
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000308-2017

BEFORE:  BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:  **FILED JANUARY 07, 2020**

Appellant, Douglas S. Turner, appeals from the judgment of sentence entered on July 5, 2018, in the Wayne County Court of Common Pleas.  After review, we affirm.

On March 9, 2018, Appellant pleaded guilty to two counts of involuntary deviate sexual intercourse ("IDSI"), one count of statutory sexual assault, one count of aggravated indecent assault, and one count of indecent exposure.[1] These charges resulted from numerous sexual assaults committed upon a fourteen-year-old girl.  Written Guilty Plea Colloquy, 3/9/18, at 1; Affidavit of Probable Cause, 8/31/17.  On July 5, 2018, the trial court sentenced Appellant

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 3123(a)(7), 3122.1(b), 3125(a)(8), and 3127(a), respectively.

as follows: at count three, IDSI, a term of sixty to 120 months of incarceration; at count four, IDSI, sixty to 120 months of incarceration, consecutive to count three; at count five, statutory sexual assault, twenty-four to forty-eight months of incarceration, concurrent to count three; at count seven, aggravated indecent assault, twenty-four to forty-eight months of incarceration, consecutive to count four; and at count eight, indecent exposure, three to twenty-four months of incarceration, concurrent to count three. Sentencing Order, 7/5/18,[2] at 1-2. This resulted in an aggregated sentence of 144 to 288 months of incarceration in a State Correctional Institution.

Appellant filed a timely post-sentence motion that was denied by operation of law on December 11, 2018. This timely appeal followed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the discretionary aspects of his sentence, and it is well settled that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). When an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a

---

[2] The sentencing order was corrected on July 12, 2018. Order, 7/12/18, at 1-3. The initial order stated that the trial court sentenced Appellant to a term of forty-eight to sixty months at count four, and to a term of twenty-four to 120 months at count five. Order, 7/5/18, at 1-2.

petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

Here, the first three requirements of the four-part test are met: Appellant filed a timely appeal; Appellant preserved the issue in his post-sentence motion; and Appellant included a statement raising this issue in his brief pursuant to Rule 2119(f). *Moury*, 992 A.2d at 170. Therefore, we must determine whether Appellant raised a substantial question.

In order to determine whether Appellant has raised a substantial question, we examine the Rule 2119(f) statement. ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code.[3] ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. ***Id***. "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013).

In his Pa.R.A.P. 2119(f) statement, Appellant recites only the procedural history of this case. ***See*** Appellant's Brief at 8. Were we to focus solely on this Pa.R.A.P. 2119(f) statement, we would conclude that all of Appellant's issues are waived, as this statement fails to allege, much less establish, any argument that the sentence violates the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. ***Hartle***, 894 A.2d at 805.

---

[3] 42 Pa.C.S. § 9701 *et seq*.

In Appellant's Statement of Questions Involved, he alleges that the trial court abused its discretion by imposing an excessive sentence at the highest end of the Sentencing Guidelines, failed to consider the Sentencing Guidelines or the Sentencing Code, failed to state the reasons for the sentence, and failed to consider certain factors. Appellant's Brief at 4. However, the argument portion of Appellant's brief bears no relation to the Statement of Questions Involved. Moreover, Appellant failed to divide his argument into sections that correspond to the questions presented in violation of Pa.R.A.P. 2119(a).

Although Appellant's brief is far from a cogent challenge to the discretionary aspects of the sentence imposed, we afford Appellant the benefit of the doubt; we conclude that Appellant has presented a substantial question insofar as he alleged that the aggregate sentence was excessive, the trial court failed to consider certain factors, and it failed to provide its reasoning for the sentence imposed. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769-770 (Pa. Super. 2015) (providing that an allegation that the sentence was excessive along with a claim that the court failed to consider certain mitigating factors raises a substantial question); *see also Commonwealth v. Hicks*, 151 A.3d 216, 227 (Pa. Super. 2016) (stating that a claim that sentencing court failed to set forth its reasons for the sentence raises a substantial question). However, after review, we conclude that Appellant is entitled to no relief.

Our standard of review for challenges to the discretionary aspects of sentencing is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Conte*, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted).

In the argument portion of Appellant's brief, Appellant first restates his Pa.R.A.P. 1925(b) statement. Appellant's Brief at 11-13. He then notes that his prior record score was zero and sets forth sentencing ranges, which he deems to be in the "standard range." *Id.* at 14. We are constrained to point out that Appellant appears to misapprehend the calculation and application of the Sentencing Guidelines. *See* 204 Pa. Code § 303.16(a) (Basic Sentencing Matrix). The Sentencing Guidelines provide only for the minimum, not the maximum sentences. *Commonwealth v. Boyer*, 856 A.2d 149, 153 (Pa. Super. 2004). The Legislature establishes the maximum sentences for criminal offenses. *See e.g.*, 18 Pa.C.S. §§ 1103-1104 (setting maximum terms for felony and misdemeanor offenses).

As noted above, Appellant has a prior record score of zero. IDSI has an offense gravity score ("OGS") of twelve, statutory sexual assault has an OGS of nine, aggravated indecent assault has an OGS of ten, and indecent

exposure has an OGS of four. 204 Pa. Code § 303.15. Accordingly, the standard range minimum sentences for each of Appellant's crimes are as follows: IDSI, a minimum of between forty-eight to sixty-six months and a maximum term of twenty years; statutory sexual assault, a minimum of between twenty-four to forty-eight months and a maximum term of twenty years; aggravated indecent assault, a minimum of between twenty-two to thirty-six months and a maximum term of ten years; and indecent exposure, a minimum of between restorative sanctions to three months and a maximum term of five years. 18 Pa.C.S. §§ 3123(a)(7), 3122.1(b), 3125(a)(8), 3127(a), 1103, 1104, and 204 Pa. Code § 303.16(a).[4] Thus, all of Appellant's sentences were unquestionably standard-range sentences.

Appellant then asserts "If the Appellant was sentenced under the Standard Range of the Sentencing Guidelines, the aggregate sentence would have been 102 months to 146 months." Appellant's Brief at 15. Appellant is incorrect; a sentence with a minimum term of 102 months and a maximum term of 146 months would have been illegal. *See* 42 Pa.C.S. § 9756(b)(1) ("The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed."); *see also*

---

[4] This information was set forth correctly by the trial court in its preparation of the sentencing forms. Guideline Sentencing Forms, 7/19/18 (Certified Record, at #35). Additionally, the sentencing form correctly states the sentence imposed at each crime was in the standard range. *Id.*

*Commonwealth v. Van Fossen*, 749 A.2d 510 (Pa. Super. 2000) (noting that a minimum sentence that exceeds one-half of the maximum sentence is illegal).[5]

Appellant next discusses substance abuse. Appellant's Brief at 16. This is a challenge to the trial court's failure to consider mitigating factors. However, the record reflects that the trial court ordered and reviewed a presentence investigation ("PSI") report. Order, 3/9/18; Trial Court Opinion, 4/11/19, at 5.[6] In cases where the trial court is informed by a PSI report, it is presumed that the court is aware of all appropriate sentencing factors and considerations; where the court has been so informed, its discretion should not be disturbed. *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted). Moreover, "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the PSI [report,] thus properly considering and weighing all relevant factors." *Id.* (citation

_____

[5] The requirement that a minimum sentence cannot exceed one-half of the maximum sentence is the general rule; there are some limited exceptions provided by statute. *Commonwealth v. Postie*, 110 A.3d 1034, 1044 n.14 (Pa. Super. 2015). None of those exceptions applies in the instant case.

[6] In its opinion, the trial court notes that because Appellant failed to properly request the notes of testimony, they are not part of the certified record. Trial Court Opinion, 4/11/19, at 5. Without the sentencing transcripts, we are further hampered in our review, as we are unable to analyze what the trial court stated on the record relative to its sentencing considerations.

omitted). Accordingly, there is no merit to Appellant's claim that the trial court failed to consider Appellant's substance abuse or any other factor.

In the second section of Appellant's argument, he avers there are due-process implications to the sentence that the trial court imposed. Appellant's Brief at 18. Appellant then assails inconsistent sentences and cites a number of federal cases without explaining how or why they are relevant. *Id.* at 19. Appellant concludes this section by asking this Court to reduce the aggregate sentence of 144 to 288 months to a term of 102 to 136 months. *Id.* at 21. We reiterate that such a sentence would be illegal. *Van Fossen*, 749 A.2d at 510; 42 Pa.C.S. § 9756(b)(1).

In the final section of the argument, Appellant baldly claims that the sentence of 144 to 288 months "was far greater than the aggravated range guideline sentence[.]" Appellant's Brief at 21. As discussed above, the trial court did not impose any sentence in or beyond the aggravated range; the trial court sentenced Appellant in the standard range of the Sentencing Guidelines on each count. 18 Pa.C.S. §§ 3123(a)(7), 3122.1(b), 3125(a)(8), 3127(a), 1103, 1104, and 204 Pa. Code § 303.16(a). Accordingly, this assertion is meritless.

Appellant next claims that the trial court failed to state its reasons for deviating "from the [S]entencing [G]uidelines, over and above the aggravated range." Appellant's Brief at 21. Again, Appellant was not sentenced in the aggravated range of the guidelines. Moreover, as we discussed above, the

trial court had the benefit of a PSI report and considered all relevant factors when it fashioned Appellant's sentence. To the extent that Appellant is unhappy with the duration of the aggregate sentence due to the three sentences that run consecutively (counts three, four, and seven), that determination is left to the discretion of the trial court. *See Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010) (42 Pa.C.S. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences) (citation omitted); *see also Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (1995) (explaining that a defendant is not entitled to a "volume discount" for his crimes). As we noted above, a PSI report was ordered, prepared, and considered by the trial court. Trial Court Opinion, 4/11/19, at 5. The trial court also considered the Sentencing Guidelines and imposed sentences in the standard range. Guideline Sentencing Forms, Certified Record, at #35; 204 Pa. Code § 303.16(a). We will not re-weigh these sentencing factors or impose our judgment in place of the sentencing court. *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009).

Finally, Appellant declares "the proper, total aggravated sentence should have been computed to be 132 months to 176 months." Appellant's Brief at 22. Once more, a sentence with a minimum term of 132 months and a maximum term of 176 months would be an illegal sentence. *Van Fossen*,

749 A.2d at 510; 42 Pa.C.S. § 9756(b)(1). Accordingly, this specious claim warrants no relief.

After review, we conclude that there is no merit to any of Appellant's arguments, and we discern no abuse of discretion in the trial court imposing an aggregate sentence of 144 to 288 months of incarceration. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/20